22-3040-cv
Li v. Appellate Division of the New York Supreme Court

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the- 29th day of June , two thousand twenty-three.

PRESENT:  GERARD E. LYNCH,
          RAYMOND J. LOHIER, JR.,
          JOSEPH F. BIANCO,
                    *Circuit Judges*.

------------------------------------------------------------------

YU CHAN LI,

      *Plaintiff-Appellant*,

    v.                             No. 22-3040-cv

APPELLATE DIVISION OF THE NEW YORK
SUPREME COURT, FIRST DEPARTMENT,
STATE OF NEW YORK, NEW YORK CITY
LANDMARKS PRESERVATION COMMISSION,
SARAH CARROLL, MARK A. SILBERMAN,
JOHN WEISS, CLAVA BRODSKY,

      *Defendants-Appellees*.

---------------------------------------------------------------

FOR PLAINTIFF-APPELLANT: MARC H. GERSTEIN, New York, NY

FOR CITY DEFENDANTS-APPELLEES: KATE FLETCHER, Of Counsel, New York City Law Department (Richard Dearing, Rebecca L. Visgaitis, Of Counsel, *on the brief*), *on behalf of* Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY

FOR STATE DEFENDANTS-APPELLEES: KWAME N. AKOSAH, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Ester Murdukhayeva, Deputy Solicitor General, *on the brief*), *on behalf of* Letitia James, Attorney General for the State of New York, New York, NY

Appeal from a judgment entered in the United States District Court for the Southern District of New York (P. Kevin Castel, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

2

AND DECREED that the judgment of the District Court is AFFIRMED.

Yu Chan Li appeals from a November 7, 2022 judgment of the United States District Court for the Southern District of New York (Castel, J.) dismissing her complaint alleging various constitutional violations arising from her public hearing before the Landmarks Preservation Commission ("LPC") and subsequent proceedings that she initiated in New York state court. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Li filed the present action under 42 U.S.C. § 1983 against the Appellate Division of the New York Supreme Court and the State of New York (collectively, the "State defendants"), as well as the LPC and various city officials (collectively, the "City defendants"). She alleges that the defendants violated her procedural and substantive due process rights during the LPC hearing and in the state court proceedings, and that both the New York City Landmarks Preservation Law and New York Civil Practice Law & Rules § 5701 are unconstitutional. The District Court dismissed Li's claims against the State defendants as barred by the Eleventh Amendment and her claims against the

City defendants as precluded under the collateral estoppel doctrine. We review the District Court's findings of fact for clear error and its legal conclusions de novo. See Brokamp v. James, 66 F.4th 374, 386 (2d Cir. 2023).

At the outset, we note that Li does not challenge the District Court's determination that her claims against the State defendants are barred by the Eleventh Amendment. See Appellant's Br. 6 n.5, 19. We therefore affirm the District Court's dismissal of Li's claims against the State defendants, including her constitutional challenge to § 5701.

All that remains are Li's claims against the City defendants: (1) her procedural and substantive due process claims concerning the LPC hearing, and (2) her challenge to the constitutionality of the Landmarks Preservation Law. The District Court ruled that Li is collaterally estopped by a final judgment of the New York Supreme Court from relitigating her claims against the City Defendants. "Collateral estoppel . . . prevents parties or their privies from relitigating in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior proceeding." Phoenix Light SF Ltd. v. Bank of N.Y. Mellon, 66 F.4th 365, 371 (2d Cir. 2023) (quotation marks omitted). The doctrine applies where: "(1) the identical issue was raised in a previous proceeding; (2) the issue

4

was actually litigated and decided in the previous proceeding; (3) the parties had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." Wyly v. Weiss, 697 F.3d 131, 141 (2d Cir. 2012) (quotation marks omitted).

We agree with the District Court that Li's claims against the City defendants are barred by collateral estoppel. The New York Supreme Court has already considered and rejected Li's claim that the LPC hearing violated her procedural due process rights. See Joint App'x 21–22, 99–101; see also Appellant's Br. 25 ("The New York Supreme Court rejected Plaintiff-Appellant's claim that it did not have an adequate opportunity to effectively present legal argument at the LPC's [hearing]."). It further rejected Li's argument that the LPC's decision was arbitrary and capricious, see Joint App'x 98–99, which lies at the heart of her substantive due process claim, see Harlen Assocs. v. Inc. Vill. of Mineola, 273 F.3d 494, 505 (2d Cir. 2001). And it also determined that the Landmarks Preservation Law is constitutional. See Joint App'x 102–03. Li does not dispute that these issues were fully litigated and decided by the New York Supreme Court or that their resolution was necessary to support a valid and final judgment on the merits. And insofar as Li argues that she did not have "a full

5

and fair opportunity to litigate" because she "has not had the opportunity to appeal an adverse finding," Jenkins v. City of New York, 478 F.3d 76, 91 (2d Cir. 2007) (quotation marks omitted), we disagree. Here, even though Li ultimately failed to perfect her appeal to the Appellate Division, she nevertheless had the opportunity to appeal directly from the state court's initial adverse ruling. Under these circumstances, we conclude that Li's claims against the City defendants are precluded by the collateral estoppel doctrine. We therefore affirm the District Court's dismissal of Li's claims against the City defendants.

Li also suggests that we must reverse or vacate the District Court's ruling even if it correctly determined that her claims are barred by collateral estoppel, because holding otherwise would itself violate her procedural due process rights. But her arguments in support of that proposition simply restate her claim that the LPC violated her due process rights. That claim, as we have explained, is barred by collateral estoppel. Nor does the application of collateral estoppel cause a deprivation of due process rights, since the doctrine itself requires that litigants are afforded "a full and fair opportunity to litigate" before it can apply. Wyly, 697 F.3d at 141.

6

We have considered Li's remaining arguments[1] and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] To the extent that Li also asks us to consider the constitutional implications of the state court judgment itself, rather than the constitutional implications of the LPC hearing that the state court addressed in its decision, we lack subject matter jurisdiction to do so.  See Hoblock v. Albany Cnty Bd. of Elections, 422 F.3d 77, 83–92 (2d Cir. 2005) (discussing the Rooker-Feldman doctrine).